**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116980

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert J Johnson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Cawley & Bergmann, LLC and JHPDE Finance 1, LLC,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Robert J Johnson, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Cawley & Bergmann, LLC and JHPDE Finance 1, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Robert J Johnson is an individual who is a citizen of the State of New York in Kings County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Cawley & Bergmann, LLC, is a New Jersey Limited Liability Company with a principal place of business in Bergen County, New Jersey.

9.      On information and belief, Defendant JHPDE Finance 1, LLC, is a Missouri Limited Liability Company with a principal place of business in Saint Louis County, Missouri.

10.      Defendants regularly collect or attempt to collect debts asserted to be owed to others.

11.      Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.      The principal purpose of Defendants' business is the collection of such debts.

13.      Defendants use the mails in their debt collection business.

14.      Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

15.      Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

16.      The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

17.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers

2

... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18.　　As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

19.　　Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell* 74 F.3d at 34.

20.　　If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson* 516 F.3d at 90.

21.　　The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

22.　　Defendants allege Plaintiff owes a certain debt ("the alleged Debt").

23.　　The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24.    The alleged Debt does not arise from any business enterprise of Plaintiff.

25.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.    At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

27.    At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

28.    In its efforts to collect the alleged Debt, Defendants contacted Plaintiff by letter ("the Letter") dated January 22, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

29.    The Letter conveyed information regarding the alleged Debt.

30.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.    The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

32.    The Letter was received and read by Plaintiff.

33.    15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

34.    15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

35.    The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.


**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

36.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

39.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

40.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

41.     The Letter claims that Plaintiff owes $1,160.88.

42.     Plaintiff did not owe $1,160.88.

43.     Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

44.     Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

45.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

46.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

49.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

50.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

51.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

52.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

53.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

54.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

55.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

56.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

57.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

58.    The Letter alleges that Plaintiff owed $1,160.88.

59.    Plaintiff did not owe $1,160.88.

60.    Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

61.    Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

62.    Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

63.     Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

64.     Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

65.     Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

66.     Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

67.     Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

68.     Defendants' allegation that Plaintiff owed $1,160.88, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

69.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692g(a)(2)

70.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

72.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

73.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

74.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

75.     The Letter claims the name of the creditor to whom the alleged Debt is owed is JHPDE Finance I, LLC.

76.     Plaintiff did not owe the alleged Debt to JHPDE Finance I, LLC .

77.     JHPDE Finance I, LLC never offered to extend credit to Plaintiff.

78.     JHPDE Finance I, LLC never extended credit to Plaintiff.

79.     Plaintiff was never involved in any transaction with JHPDE Finance I, LLC.

80.     Plaintiff never entered into any contract with JHPDE Finance I, LLC.

81.     Plaintiff never did any business with JHPDE Finance I, LLC.

82.     Plaintiff was never indebted to JHPDE Finance I, LLC.

83.     JHPDE Finance I, LLC is a stranger to Plaintiff.

84.     Defendants' statement that JHPDE Finance I, LLC is "the name of the creditor to whom the debt is owed," when JHPDE Finance I, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

85.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

## FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

86.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

89.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

90.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

91.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

92.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

93.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

94.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

95.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

96.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

97.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

98.     The Letter claims that Plaintiff owes a debt to JHPDE Finance I, LLC.

99.     Plaintiff did not owe a debt to JHPDE Finance I, LLC.

100.    JHPDE Finance I, LLC never offered to extend credit to Plaintiff.

101.    JHPDE Finance I, LLC never extended credit to Plaintiff.

102.    Plaintiff was never involved in any transaction with JHPDE Finance I, LLC.

103.    Plaintiff never entered into any contract with JHPDE Finance I, LLC.

104.    Plaintiff never did any business with JHPDE Finance I, LLC.

105.    Plaintiff was never indebted to JHPDE Finance I, LLC.

106.    JHPDE Finance I, LLC is a stranger to Plaintiff.

107.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

108.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

109.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

110.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

111.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

112.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

113.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a false representation made in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

114.    Defendants' allegation that Plaintiff owed a debt to JHPDE Finance I, LLC, when Plaintiff did not owe a debt to JHPDE Finance I, LLC, is a deceptive means used in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

115.    Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

116.    Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

117.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

118.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

119.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendants sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

120.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

121.    The Class consists of more than thirty-five persons.

122.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

123.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

124.    Plaintiff will fairly and adequately protect and represent the interests of the Class.  The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

125.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.      Certify this action as a class action; and

b.      Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.      Find that Defendants' actions violate the FDCPA; and

d.      Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.      Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.      Grant Plaintiff's costs; together with

a.      Such other relief that the Court determines is just and proper.


DATED: January 23, 2020

                                        **BARSHAY SANDERS, PLLC**

                                        By:  ___s/ Craig B. Sanders___
                                        Craig B. Sanders, Esq.
                                        100 Garden City Plaza, Suite 500
                                        Garden City, New York 11530
                                        Tel: (516) 203-7600
                                        Fax: (516) 706-5055
                                        csanders@barshaysanders.com
                                        *Attorneys for Plaintiff*
                                        Our File No.: 116980