UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT J. JOHNSON, individually and on behalf :
of all others similarly situated, :
                                                        Plaintiff, :
                                                         : **MEMORANDUM & ORDER**
                     -against- : 20-cv-00380 (DLI) (VMS)
                                                         :
CAWLEY & BERGMANN, LLC and :
JHPDE FINANCE I, LLC. :
                                                         :
                                          Defendants. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

       Plaintiff Robert J. Johnson ("Plaintiff"), brings this putative class action against Defendants Cawley & Bergmann, LLC ("C&B") and JHPDE Finance I ("JHPDE") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendants moved for an order granting judgment on the pleadings and dismissing the complaint. *See*, Defs.' Notice of Mot. for J. on the Pleadings, Dkt. Entry No. 22; Defs.' Mem. of Law in Supp. of Their Mot. for J. on the Pleadings ("Defs.' Mem."), Dkt. Entry No. 22-2. Plaintiff opposed. *See*, Pl.'s Mem. in Opp'n to Defs.' Mot. for J. on the Pleadings ("Pl.'s Opp'n"), Dkt. Entry No. 22-3. Defendants replied. *See*, Defs.' Reply in Supp. of Their Mot. for J. on the Pleadings ("Defs.' Reply"), Dkt. Entry No. 22-4. For the reasons set forth below, Defendants' motion for judgment on the pleadings is granted.

**BACKGROUND**

       Unless otherwise noted, the following facts are drawn from the Complaint and its attached exhibit and are presumed true for purposes of this decision. Plaintiff is a "consumer" and Defendants are "debt collectors" under the FDCPA. Complaint ("Compl."), Dkt. Entry No. 1, at

¶¶ 7, 14. Defendants sent a debt collection letter (the "Letter"), dated January 22, 2019, to Plaintiff at his Brooklyn address. *See*, *Id*. at ¶¶ 28-32; Compl. Ex. 1, Dkt. Entry No. 1-1. The letterhead includes the logo and address of C&B. *See*, Compl. Ex. 1. Right below the letterhead, the Letter displays the following information:

| | |
|---:|:---|
| Current Creditor: | JHPDE Finance I, LLC |
| Our File Number: | [Redacted] 5734 |
| Original Account Number: | [Redacted] 0798 |
| Original Creditor: | Citibank N.A./Citi(R) Double Cash Card |
| Balance Owed: | $1,160.88 |
| Total amount of debt due as of charge-off: | $1,160.88 |
| Total amount of non-interest accrued since charge-off: | $0.00 |
| Total count of non-interest charges or fees accrued since charge-off: | $0.00 |
| Total amount of payment made on debt since charge-off: | $.00 |

Robert Johnson:

**AFFORDABLE OPTIONS TO RESOLVE THIS ACCOUNT!**

This company has been contracted to collect a debt owed by you to JHPDE Finance I, LLC. *Id.*

The Letter was the first written communication Plaintiff received from Defendants concerning the purported debt. Compl. at ¶ 31. Plaintiff alleges that he "did not owe $1,160.88" and "did not owe any money at all to the entity on whose behalf Defendants were seeking to collect." *Id*. at ¶¶ 42-43. Plaintiff further alleges that he did not owe any money to JHPDE because JHPDE never extended credit to Plaintiff and Plaintiff never had any transaction, contract, or business with JHPDE. *See*, *Id*. at ¶¶ 76-83.

Plaintiff filed the instant action, asserting four causes of action under the FDCPA. Plaintiff claims that he does not owe the debt set forth in the Letter, and, thus, Defendants violated §§ 1692g(a)(1), 1692g(a)(2), 1692e, 1692(e)(2)(A), and 1692e(10) by sending him the Letter. *See*, *Id*. at ¶¶ 36-117. Plaintiff alleges that Defendants falsely and deceptively attempted to collect the

2

debt by sending him the Letter, which was a false, deceptive, and misleading representation of the character, amount, and legal status of the debt. *Id*. Defendants move for a judgment on the pleadings arguing that Plaintiff's claims are "unsupported legal conclusions." Defs.' Mem. at 1.

## **LEGAL STANDARD**

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks and citation omitted).

"A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)). "A matter is deemed integral to the complaint when the complaint relies heavily upon its terms and effect. Typically, an integral matter is a contract, agreement, or other document essential to the litigation." *Palin v. New York Times Co.*, 940 F.3d 804, 811 (2d Cir. 2019) (internal quotation marks omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemp. Classics of*

3

*Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To withstand such a motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court assumes the truth of the facts alleged and draws all reasonable inferences in the nonmovant's favor. *See*, *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

The FDCPA was enacted to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382 at 1696 (1977). The statute's purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA is "primarily a consumer protection statute," and courts "must construe its terms in liberal fashion [to achieve] the underlying Congressional purpose." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (internal quotation marks and citations omitted).

To assert a violation of the FDCPA, a plaintiff must allege that: "(1) the plaintiff is a 'consumer' within the meaning of the Act; (2) the defendant is a 'debt collector'; and (3) the defendant must have engaged in conduct in violation of the statute." *Coburn v. P.N. Fin.*, 2015 WL 520346, at *3 (E.D.N.Y. Feb. 9, 2015). Plaintiff has alleged sufficiently that he is a "consumer" and Defendants are "debt collectors" within the meaning of the FDCPA. *See*, Compl.

4

at ¶¶ 7-13. As such, the central issue before the Court is whether the Letter adequately sets forth the amount Plaintiff owed and creditor's information under § 1692g and did so in a manner that was not "false, deceptive, and misleading" under § 1692e.

"In evaluating whether a communication violates § 1692g or § 1692e, the Court applies an objective standard by considering how the 'least sophisticated consumer' would understand the debt collection letter." *Paul v. Enhanced Recovery Co., LLC*, 2020 WL 6746792, at *4 (E.D.N.Y Nov. 17, 2020) (quoting *Carlin v. Davidson Fink, LLP*, 852 F.3d 207, 216 (2d Cir. 2017)); *Clomon v. Jackson*, 998 F.2d 1314, 1318 (2d Cir. 1993)). The "least sophisticated consumer" is "uninformed, naïve, or trusting," but makes "basic, reasonable and logical deductions and inferences." *Dewees v. Legal Servicing*, 506 F. Supp.2d 128, 132 (E.D.N.Y. 2007) (internal quotation marks and citation omitted). Under this standard, collection notices are assessed from the standpoint of a person who does not have "even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted).

I.  **Plaintiff's Claims Under 15 U.S.C. § 1692g**

   A.  **Section 1692g(a)(1) Claim**

Section 1692g of the FDCPA requires that a debt collector's initial communication with a consumer contain certain disclosures, including "the amount of the debt." 15 U.S.C. § 1692g(a)(1). This section "concerns only the disclosures related to a consumer's need to verify a debt . . . ." *Avila*, 817 F.3d at 76. The "amount of the debt" under § 1692g(a)(1) "signifies the total, present quantity of money that the consumer is obligated to pay." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 240 (2d Cir. 2019).

Plaintiff has failed to allege plausibly that Defendants violated § 1692g(a)(1). The Letter clearly states that Plaintiff owes a debt amount of $1,160.88 and no other charges or fees. *See*, Compl. Ex. 1. Plaintiff offers no facts as to why he does not owe the debt or how the debt amount described in the Letter is wrong other than the bald statement that he "did not owe $1,160.88." *See*, Compl. at ¶ 42. Relying on *Paracha v. MRS BPO*, 2018 WL 4736939 (E.D.N.Y. Sept. 27, 2019), Defendants argue that the statement fails to qualify as factual support. *See*, Defs.' Mem. at 6.

Similar to Plaintiff here, the *Paracha* plaintiff simply alleged that he did not owe the debt set forth in the collection letter because he did not owe the debt. *Paracha*, 2018 WL 4736939, at *6*. The *Paracha* court noted that "the complaint makes no mention of any facts explaining why Paracha does not owe the debt." *Id*. As such, the court held that, while it must accept as true all of the factual allegations in the complaint, the plaintiff's "restated claims disguised as factual allegations will not be given any weight." *Id*. (citing *Iqbal*, 556 U.S. at 678). The same analysis and conclusion apply in the instant case. Plaintiff's bare assertion that he does not owe the debt amount is a mere conclusory statement insufficient to state a claim under § 1692g(a)(1).

**B.     Section 1692g(a)(2) Claim**

"To satisfy § 1692g(a)(2), a communication must 'clearly and effectively convey [the creditor's] role in connection with the debt.'" *Eger v. Sw. Credit Sys., L.P.*, 2019 WL 1574802, at *4 (E.D.N.Y. Apr. 11, 2019) (quoting *Lee v. Forster & Garbus LLP*, 926 F. Supp.2d 482, 487 (E.D.N.Y. 2013)). In determining whether a collection letter violates § 1692g(a)(2), "[t]he court's role is to assess whether the 'least sophisticated consumer' who read[s] the entire letter would have been aware that the name of the creditor appeared in the letter . . . ." *Dewees*, 506 F. Supp.2d at

132 (citations omitted); *See also*, *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (when ruling on FDCPA claims, debt collection letters should be analyzed in their entirety).

Plaintiff contends that he provided sufficient factual support for his § 1692g(a)(2) claim because he alleged the following statements: JHPDE never offered or extended credit to Plaintiff; Plaintiff was never involved in any transaction, contract, or business with JHPDE; Plaintiff was never indebted to JHPDE; and JHPDE is a stranger to Plaintiff. *See*, Pl.'s Opp'n at 8; Compl. at ¶¶ 77-84, 100-106. Accepting these statements are true, they still do not allege plausibly how the Letter violated §1692g(a)(2).

Each statement mentioned above essentially repeats that Plaintiff does not recognize JHPDE. Thus, the crux of Plaintiff's argument is that since Plaintiff does not recognize JHPDE, he must not owe any debt to JHPDE. However, from the least sophisticated consumer's point of view, the Letter clearly identifies the current creditor as "JHPDE Finance I, LLC" and the original creditor as the "Citibank N.A./Citi(R) Double Cash Card." *See*, Compl. Ex. 1. The Letter reasonably identifies the debt ass originating from Plaintiff's use of a Double Cash Card issued by Citibank N.A./Citi(R) and provides the Citibank account number for Plaintiff's reference. *Id.*

Plaintiff's decision to leave out any mention of Citibank or the Double Cash Card in the Complaint suggests that either he is so careless that he failed to read the entire Letter or he is intentionally disguising his relationship with Citibank. The FDCPA protects neither. *See*, *Dewees*, 506 F. Supp.2d at 132; *See also*, *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (The purpose of the "least sophisticated consumer" standard is to protect "the gullible as well as the shrewd.").

Moreover, Plaintiff's argument that N.Y. Comp. Codes R. & Regs. tit. 22, §§ 202.27-a and 208.14-a require Defendants to prove that the debt transferred from Citibank to JHPDE is without

7

merit. *See*, Pl.'s Opp'n at 9-13. There is no such burden of proof required in FDCPA cases, and the New York State cases Plaintiff cites "are not FDCPA cases; they are debt collection cases, where the procedural posture of the parties requires a different standard." *Macario v. Midland Credit Mgmt., Inc.*, 2017 WL 4792238, at *3 (E.D.N.Y. Oct. 23, 2017). Plaintiff's counsel unsuccessfully has made the same argument in previous FDCPA cases. *See*, *Id.* ("This is not the first time a court in this Circuit has noted Plaintiff's counsel's improper citations in this context."); *Zambrana v. Pressler & Pressler, LLP*, 2016 WL 7046820, at *6 (S.D.N.Y. Dec. 2, 2016) ("Plaintiff, pointing to New York debt collection cases, contends that Defendants have not presented sufficient proof to establish a complete chain of title. This, however, is not a debt collection case; it is an FDCPA case.").

**II.     Plaintiff's Claims Under 15 U.S.C. § 1692e**

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Prohibited conduct under this section includes falsely representing "the character, amount, or legal status" of the debt. 15 U.S.C. § 1692e(2). Additionally, § 1692e "contains a non-exhaustive list of practices within the purview of this prohibition including, *inter alia*, '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp.3d 309, 313 (E.D.N.Y. 2015) (quoting 15 U.S.C.§ 1692e(10)). "While a collection letter may satisfy § 1692g, it does not guarantee satisfaction with § 1692e." *Paracha*, 2018 WL 4736939, at *3 (citing *Avila*, 817 F.3d at 76).

A collection notice is deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d

8

Cir. 1996). The Second Circuit has held that this standard encompasses a materiality requirement. *See*, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). Therefore, to survive a motion to dismiss, a plaintiff must identify at least two reasonable interpretations of a collection notice and show that the deception arising from those interpretations is material. *See*, *Gissendanner v. Enhanced Recovery Co., LLC*, 793 F. App'x 5, 7 (2d Cir. 2019). A false, deceptive, or misleading statement is "material" if it would "frustrate a consumer's ability to intelligently choose his or her response." *Cohen,* 897 F.3d at 86 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

Applying the least sophisticated consumer standard, the Letter is neither false, confusing, nor misleading. The absence of any dealings between Plaintiff and JHPDE "do[es] not support Plaintiff's claims that the Letter violated § 1692e or § 1692g by representing that [JHPDE] is the current creditor for the Account." Defs.' Mem. at 5. Defendants rely on *Griefman v. Cawley & Bergmann, LLC*, 2019 WL 1533282 (S.D.N.Y. Apr. 9, 2019) in which the court addressed a similar issue. *See*, Defs.' Mem. at 5-6.

In *Griefman*, the plaintiff alleged violations under §§ 1692e and 1692g when she received a debt collection letter that identified the current creditor as "JH Portfolio Debt Equities, LLC" and the original creditor as "Citibank N.A./Citi Simplicity Card." *Griefman*, 2019 WL 1533292, at *3. Similar to Plaintiff in this action, the *Griefman* plaintiff based her claims on the fact that she did not owe any debt to and never had any dealing with JH Portfolio Debt Equities, LLC. *See*, *Id.* at *1, 3. Dismissing the § 1692e claim, the *Griefman* court found that the collection letter "clearly and unambiguously also identifies the original debtor as Citibank N.A./Citi Simplicity Card. Nowhere does it state in the debt collection letter, nor can it be interpreted to suggest, that

9

Plaintiff contracted with, borrowed monies from or incurred an original debt from JH Portfolio Debt Equities, LLC." *Id.* (internal quotation marks omitted).

The Court finds the *Griefman* court's reasoning persuasive and applicable in this case. Plaintiff failed to provide any reasonable explanation as to how the Letter could be interpreted to show that the debt originated from JHPDE. The least sophisticated consumer possesses reasonable knowledge of his account's history, and he does not read a debt collection letter in complete isolation from his financial history. *See*, *Ocampo v. Client Servs., Inc.*, 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019). It is irrational that Plaintiff failed to mention anything about Citibank or the Double Cash Card in the Complaint even though the Letter specifies Citibank as the original creditor of the debt.

As part of the Answer, Defendants provided a credit card billing statement, a bill of sale, and an assignment, demonstrating how Plaintiff's Double Cash Card debt transferred from Citibank to JHPDE. *See*, Answer Exs. A-D. Although these documents may be considered to obtain further context of this case, the Court finds it unnecessary. *See*, *L-7 Designs, Inc.*, 647 F.3d at 422. The Complaint, on its face, lacks sufficient factual matter to state plausible claims under § 1692e.

## CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings is granted and this action is dismissed in its entirety, with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2021

                                            /s/
                                      DORA L. IRIZARRY
                                 United States District Judge